Filed 7/23/14  P. v. Simmons CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065309 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD248262) |
| MICHAEL DANGELO SIMMONS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted Michael Dangelo Simmons of two counts of forgery (Pen. Code,[1] § 470, subd. (d)) and one count of burglary (§ 459).  The trial court found two serious/violent (strike) felony prior convictions (§ 667, subds. (b)-(i)).

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

The trial court denied a defense motion to strike the serious/violent felony priors. Simmons was sentenced to a determinate term of 32 months in custody.

Simmons filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he is unable to identify any arguable issues on appeal. (*Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Counsel requests that this court review the record on appeal to determine if there are any arguable issues for reversal of the judgment. We offered Simmons the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

On May 31, 2013, Simmons presented two checks to a bank teller. The teller told Simmons she would have to contact the account owner. Simmons waited while the teller attempted to contact the account owner. The bank discovered the checks were fraudulent and the teller called police. However, Simmons left the bank before police arrived.

Police apprehended Simmons at a bus stop near the bank. After first talking to someone who pretended to be the account owner, police successfully contacted the actual owner and found that the checks were fraudulent.

A computer forensic investigator from the District Attorney's office testified about the pattern of calls and text messages from Simmons's phone to the number of the person who impersonated the account owner to police.

Adrien Jayasinha, the owner of the account on which the fraudulent checks were made, testified the checks were not authorized and Simmons was not authorized to use his name.

Simmons testified the checks were mailed to him, and a person who impersonated the owner told him to take the checks to the bank. He did not know the actual owner of the account.

DISCUSSION

As we have previously noted, appellate counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, indicating he is unable to identify any arguable appellate issues. Pursuant to *Anders, supra,* 386 U.S.738, counsel asks this court to review the record for possible error. Pursuant to *Anders,* counsel has identified the following possible, but not arguable issues:

1. Whether the trial court abused its discretion in denying the defense motion to strike the serious/violent felony conviction?

2. Whether trial counsel was ineffective for failing to impeach one of the police officers with statements from the first trial which were inconsistent with the officer's testimony at the second trial?

3. Whether the trial court erred in overruling a defense objection that allegedly resulted in a possible impression that Simmons was a parolee?

4. Whether the trial court should have given CALCRIM No. 332 regarding expert witness testimony in light of the testimony of the prosecution's forensic expert?

3

We have reviewed the entire record with the foregoing possible issues in mind. We have not found any reasonably arguable grounds for reversal on appeal. Competent counsel has represented Simmons on this appeal.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


McINTYRE, J.


IRION, J.